# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RONNIE WATKINS,

        Plaintiff,

    v.                                Case No. 13-C-0007

TOM LANCOR, Food Service Chef,

        Defendant.

---

**DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**

---

Plaintiff Ronnie Watkins, an inmate at Green Bay Correctional Institution (GBCI), filed this pro se action under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff alleged that he broke his finger after he slipped and fell while working in the prison kitchen at GBCI. He alleged that Defendant Tom Lancor failed to facilitate medical care despite plaintiff's complaints that he seriously injured his finger in the fall. He also contended that several prison officials were aware that the dishwasher leaked but failed to repair it, and that they failed to provide an adequate number of safety overshoes for the workers. As a result, plaintiff claimed that defendants were deliberately indifferent to dangerous working conditions in the kitchen dish room and that Lancor acted with deliberate indifference to his medical needs. In a screening order dated January 31, 2013, the Court allowed the claim against Lancor to proceed but dismissed plaintiff's remaining claims pursuant to 28 U.S.C. § 1915A(b)(1). On February 28, 2013, plaintiff filed a motion for reconsideration, seeking reinstatement of the dismissed claims and the dismissed defendants. For the reasons that follow, plaintiff's motion will be denied.

As explained in the screening order, while the allegations in plaintiff's complaint may be sufficient to state a claim for negligence, § 1983 requires a much higher showing than mere negligence. To successfully make out a § 1983 claim, a plaintiff must allege that the defendant was deliberately indifferent to a serious risk of substantial harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is a mental state approaching intent: the defendant need not intend harm, but he must know that an excessive risk exists to the plaintiff's health and safety if no corrective action is taken. *Id.* When the complaint alleges that the defendant failed to protect the plaintiff from a known dangerous condition, the question of deliberate indifference can be phrased as whether society would consider the plaintiff's exposure to that condition so grave as to "offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004).

The fact that the prison officials knew about the leak or the shortage of overshoes does not offend contemporary standards of decency or evidence defendant's knowledge of excessive risk of injury. Plaintiff has not alleged any facts indicating that the conditions in the kitchen support anything other than an ordinary negligence case. Additionally, while he stresses the fact that the prison failed to follow its own policies regarding safety gear in the kitchen, this alone does not mean that the prison officials were deliberately indifferent. In addition, plaintiff has done nothing to demonstrate that the kitchen presented an excessive risk to plaintiff's health and safety. The allegedly dangerous prison condition must deprive an inmate of "the minimal civilized measure of life's necessities." *Farmer*, 511 U.S., at 834. The "mere incantation of magic words such as 'recklessness' will [not] transform a negligence complaint into an eighth amendment constitutional claim." *Jones v. Morris*, 777 F.2d 1277, 1280 n.5 (7th Cir. 1985). When the defendant is a state actor, the temptation exists to allege that the defendant was not just negligent, but acted in violation

2

of the Constitution. Even construing plaintiff's allegations liberally, no such violation is plausible here. Consequently, plaintiff's motion for reconsideration will be denied.

Plaintiff has also requested he be allowed to file an interlocutory appeal of a denial of his motion for reconsideration. Interlocutory appeal under 28 U.S.C. § 1292(b) may be taken if the district court certifies that an otherwise unappealable order involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Plaintiff has demonstrated no basis to certify an interlocutory appeal here. As a result, plaintiff's motion for reconsideration, or in the alternative, for leave to file an interlocutory appeal is **DENIED**.

**SO ORDERED** this ⎯5th⎯ day of March, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3