UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONNIE WATKINS,

                Plaintiff,

  v.                                               Case No. 13-cv-7-pp

TOM LANCOR,

                Defendant.

---

**ORDER CONSTRUING LETTER AS MOTION TO REOPEN AND DENYING MOTION (DKT. NO. 77)**

---

In January 2013, plaintiff Ronnie Watkins, who is incarcerated at Fox Lake Correctional Institution and who is representing himself, filed this case under 42 U.S.C. §1983. Dkt. No. 1. On May 11, 2015, the court granted the defendant's motion for summary judgment on the plaintiff's claim that the defendant violated his constitutional rights by not immediately sending the plaintiff to a medical professional after he injured his finger while working at his prison kitchen job. Dkt. No. 74. The court entered judgment the next day. Dkt. No. 75. On September 22, 2022 (over seven years after the court dismissed the case), the court received from the plaintiff a letter asking the court what he could do to get his case reopened. Dkt. No. 77.

The plaintiff recounts that he filed a lawsuit, which he says Judge Pepper was "appointed to back in 2012."[1] Id. at 1. The plaintiff says that Judge Griesbach originally was assigned to the case and that the plaintiff asked

---

[1] Judge Pepper was not appointed to the district court until December 2014.

1

Judge Griesbach to appoint him a lawyer because he didn't know what to do. Id. The plaintiff says that "someone" told him to write to Judge Pepper's office after "we found out that you or Mr. Griesbach had appointed me an attorney without me knowing[.]" Dkt. No. 77 at 1. The plaintiff says that he wrote the lawyer and asked him why the plaintiff never heard from him, but he has not heard back from the lawyer. Id. (The plaintiff does not provide the name of the lawyer.) The plaintiff states that he is writing the court to find out if there is something he can do or if the case can be reopened. Id.

When the plaintiff filed his complaint in January 2013, the Clerk of Court assigned the case to then-Chief Judge William C. Griesbach. On February 8, 2013, the plaintiff filed a motion to appoint counsel, dkt. no. 11, which Judge Griesbach denied, dkt. no. 12. On June 6, 2013, Judge Griesbach granted the defendant's motion for summary judgment based on exhaustion of administrative remedies and entered judgment in favor of the defendant, closing the case. Dkt. Nos. 25, 26. The plaintiff appealed and on April 3, 2014, the United States Court of Appeals for the Seventh Circuit issued a mandate vacating the portion of Judge Griesbach's judgment that dismissed the plaintiff's claim for denial of medical care. Dkt. No. 38. On April 9, 2014, Judge Griesbach issued a scheduling order that set deadlines for the completion of discovery and for filing dispositive motions. Dkt. No. 39. About three months later, the plaintiff filed a second motion to appoint counsel, dkt. no. 48, and Judge Griesbach denied that motion on July 11, 2014, dkt. no. 51. On November 18, 2014, the defendant filed a motion for summary judgment on the

merits of the plaintiff's medical care claim. Dkt. No. 55. On December 29, 2014, when Judge Pepper was appointed to the district court, the Clerk of Court reassigned the case to this court. After the case was reassigned, the plaintiff did not renew his request for counsel. Neither Judge Griesbach nor Judge Pepper ever has appointed an attorney for the plaintiff.

A motion to alter or amend a judgment must be made within twenty-eight days after the entry of judgment. Fed. R. Civ. P. 59(e). The plaintiff filed his letter asking what he could do to reopen his case more than *seven years* after the entry of judgment, which is far outside that mandatory deadline.

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Federal Rule of Civil Procedure 60(b). A Rule 60(b) motion must be made "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the preceding." Fed. R. Civ. P. 60(c)(1). In support of his request to reopen, the plaintiff states that the court appointed him a lawyer. As explained above, the court never has appointed a lawyer for the plaintiff. Judge Griesbach denied the plaintiff's

3

motions to appoint counsel and the plaintiff did not renew his request for counsel with this court. The plaintiff has not explained why he believes the case should be reopened nor has he identified any errors under Rule 60(b). The court has no basis—legal or factual—for reopening this long-closed case.

The court **CONSTRUES** the plaintiff's letter as a motion to reopen and **DENIES** that motion. Dkt. No. 77.

Dated in Milwaukee, Wisconsin this 24th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**